UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERRY L. THOMPSON,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | NO. CV-10-0413-JLQ<br><br>ORDER GRANTING MOTION TO DISMISS, DIRECTING ENTRY OF JUDGMENT OF DISMISSAL AND CLOSING FILE |

　　　Plaintiff has filed a *pro se* Complaint against the United States alleging violations of state law.　The United States has filed a Motion to Dismiss (**ECF No. 5**), which Plaintiff opposes.　Having considered the pleadings, for the following reasons, the court grants  the Motion To Dismiss and directs the dismissal the Complaint and the claims therein.

**I.**　　**Plaintiff's Complaint**

　　　The Complaint sets forth as background that Plaintiff, a Vietnam Era veteran, once had a "stellar career" and received "high acclaim" for his scientific discoveries.　It states that his career ended while working of the University of Washington when he was "permanently disabled by the government in 1997 as the result of his whistleblower activities." ECF No. 1 at ¶ 4.　Plaintiff claims he was "additionally disabled in 2002-03 as a result from injury and disease." ECF No. 1 at ¶ 4.　The Complaint states that more recently Plaintiff has operated a diamond trade business called North American Diamond Service.　The Complaint describes the business as a "service business that is in part prospecting of minerals and gemstones, including but limited to natural Diamond and associated indicator minerals, precious metals and gem testing." ECF No. 1 at ¶ 11.

ORDER - 1

Plaintiff claims that in 2007 he "made a new diamond deposit discovery" in an area "not expected to have diamond", the first such discovery "in America... since the discovery of diamonds in the State of Arkansas in the 1900s." ECF No. 1 at ¶ 1. Plaintiff's Complaint alleges that the Government, specifically the Department of Homeland Security, is engaged in tyranny and a vast conspiracy with the private sector, including local businesses, seeking to "destroy anything that may bring him wealth and scientific recognition" and to protect other mining company's interests.

The Complaint alleges three state law causes of action against the United States: 1) Intentional and Tortuous Interference with the Intent to Disrupt Economic Relationship and Contractual Relations; 2) Harassment under RCW 10.14 et seq., and 3) Violation of constitutional rights under sections five and seven of the Washington State Constitution. Plaintiff seeks declaratory, injunctive and monetary relief.

As the factual basis for his first cause of action, the Complaint alleges that in connection with his online purchases of gemstones (on ebay, according to his responsive memorandum) the Government 1) induced the website to "de-list" sellers he was dealing with; 2) induced individuals to target items he was bidding on; and 3) induced sellers to send him fake products. As the factual basis of his harassment claim, he asserts the Government is stalking him by following all of his purchases, and that it has "dispatch[ed] their civilian vigilante groups to various locations on a daily basis" to surveil his diamond research activities. He also claims "the Defendant" covertly entered his residence and 1) damaged water pipes allowing "260,000 gallons of water [to] run freely"; 2) accessed his computers; and 3) "plowed through...locked cabinets and pillaged his safe deposit box and bust[ed] into his secret samples." ECF No. 1 at ¶¶ 1, 21. As the factual basis for his constitutional claim, he claims the Government "[o]n numerous occasions" invaded his home to install "listening devices, pen register or trap and trace devices" and to install "disruptive software" on his computer, locking him out of his word processing program. ECF No. ¶ 24.

ORDER - 2

## II. Standard of Review

Defendant moves to dismiss all three state law causes of action in Plaintiff's Complaint pursuant to Fed.R.Civ.P12(b)(1), lack of subject matter jurisdiction, 12(b)(6) for failure to state a claim upon which relief can be granted, and under Rule 8(a) for failure to contain a short and plain statement.

### A. 12(b)(1)

A complaint may be dismissed for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). *Neitzke v. Williams*, 319, 327 n. 6 (1989) (unanimous decision) (patently insubstantial complaint may be dismissed under Rule 12(b) (1) for lack of subject matter jurisdiction. "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' 'obviously frivolous,' 'plainly unsubstantial,' or 'no longer open to discussion.' " *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citations omitted); *Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *see also Franklin v. Murphy*, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction, and may be dismissed sua sponte before service of process."

### B. 12(b)(6)

When evaluating a motion to dismiss for failure to state a claim, a court must accept as true all allegations and material facts and must construe those facts in a light most favorable to the plaintiff. *Resnick v. Hays*, 213 F.3d 443, 447 (9th Cir.2000). However, a "court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is a court "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, ––– U.S. ––––, 129 S.Ct. 1937, 1949–50 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct.

ORDER - 3

at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, ––– U.S. –––, ––––, 129 S.Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 556.) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. Although a complaint need not include " 'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action will not do.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555. The Complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 [quoting Fed.R.Civ.P. 8(a)(2) (internal brackets omitted). "[A] well-pled complaint may proceed even if it appears that a recovery is very remote and unlikely." *Twombly*, 55 U.S. at 556 (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236, (1974)).

C. 8(a)

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Erickson v. Pardus*, 551 U.S. 89 (2007). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

**III. DISCUSSION**

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suits." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional. *Id*. All three of Plaintiffs' claims rest on grounds that the Government is

ORDER - 4

engaging in conduct to interfere with his diamond business.  The United States has not waived its sovereign immunity with regard to constitutional claims against federal agencies or tort claims for interference with current or prospective business relationships. 28 U.S.C. § 2680(h).  Accordingly, Plaintiff's claims are subject to dismissal without prejudice for lack of subject matter jurisdiction.

Furthermore, federal courts have repeatedly dismissed claims brought by citizens who "suspect" federal agencies have engaged in unlawful surveillance or wiretapping activities "based upon nothing but a personal belief as 'fantastic' or 'delusional.' " *Taha v. Cent. Intelligence Agency*, 2007 WL 4287598, *2 (D.Or.); *see also Richards v. Duke Univ.*, 480 F.Supp.2d 222, 232-33 (D.D.C.2007) (plaintiff's claims that defendants, including the FBI, the Department of Justice, Duke and Georgetown Universities, Microsoft and Bill Gates, engaged in "roving surveillance that followed her everywhere she went, even into a medical exam room" were "fantastic to the point of being patently insubstantial and warranting a dismissal" for lack of subject matter jurisdiction); *Carone-Ferdinand v. Cent. Intelligence Agency*, 131 F.Supp.2d 232, 235-36 (D.D.C. 2001) (dismissing complaint for lack of subject matter jurisdiction when complaint alleged a " 'bizarre conspiracy theory' " in which the CIA killed plaintiff's father after he decided to no longer assist the CIA in its assassinations and drug trafficking and portrayed the decedent as "Forrest Gump, popping up as a key player in virtually every prominent government conspiracy theory promulgated over the past 50 years"), affirmed by, 2001 WL 1029148 (D.C.Cir.2001) (per curiam); *O'Brien v. United States Dep't of Justice*, 927 F.Supp. 382, 384-85 (D.Ariz. 1995) (allegations that defendants, including the United States Department of Justice, Farmer's Insurance Company, Janet Reno, Neil Diamond, Nancy Reagan, The Church of Latter Day Saints and the Phoenix Suns, installed equipment on plaintiff's telephone lines and contaminated her with "vile germs" were "so bizarre and delusional that they are wholly insubstantial and cannot invoke this Court's jurisdiction"), affirmed by, 76 F.3d 387 (9th Cir.1996) (Table); *O'Connor v. United States*, 159 F.R.D. 22, 25-26 (D.Md. 1994) (dismissing for lack of subject matter

jurisdiction frivolous claims alleging the United States Drug Enforcement Administration ("DEA") engaged in constant unlawful surveillance and harassment of plaintiff because his next-door-neighbor, a veteran DEA agent, had a vendetta against him), affirmed by, 54 F.3d 773 (4th Cir. 1995).

Like the cases cited above, Plaintiff's Complaint is based upon assertions and unverifiable speculative conclusions that he has been the target of government surveillance. The Complaint contains precisely the "unadorned, the-defendant-unlawfully-harmed me" allegations which are insufficient to past muster under the pleading requirements set forth in the Federal Rules and further refined by the United States Supreme Court. Plaintiff's claims against the United States government and inappropriate statements concerning the U.S. Attorney assigned to this matter (for example, "Ms. DeRusha is a liar and that she is obstructing justice...can only be her business as usual") in response to the Motion does not bolster Plaintiff's case. Instead, Plaintiff's response confirms this court's conclusion that his claims are based upon matters, which, in the language of the Supreme Court, are "so attenuated and unsubstantial as to be absolutely devoid of merit." *Neitzke v. Williams*, 490 U.S. at 327, n. 6, 109 S.Ct. at 1832, n. 6.

Accordingly, **IT IS HEREBY ORDERED**, Defendant's Motion to Dismiss (**ECF No. 5**) is **GRANTED**. The Clerk of the Court shall enter Judgment of Dismissal without prejudice of the Complaint and the claims therein.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order, enter Judgment of dismissal without prejudice of the complaint and the claims therein, furnish copies to Plaintiff and to counsel for the Defendant, and CLOSE THE FILE.

**DATED** this 15th day of August, 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE
